IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON LEVON SIMMONS, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:19-CV-678-C-BK |
| § | |
| JOHN DOE #1 OF THE TEXAS § | |
| MEDICAL BOARD, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management. The Court granted Plaintiff Jason Simmons' motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, Simmons' case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious.

**I.    BACKGROUND**

On March 5, 2019, Simmons, a New York state resident, filed a *pro se Original Complaint* in the United States District Court for the Eastern District of New York against unidentified individuals employed by or affiliated with the Texas Medical Board ("TMB"), specifically, John Doe TMB's members, investigators, panel experts, and executive committee members—all sued in their individual capacities. Doc. 1 at 1. The case was subsequently transferred to this Court based on venue. Doc. 6.

Simmons' claims stem from his former employment as an internal medicine resident at the Methodist Hospitals of Dallas (Methodist) from 2007 through 2010. Following a disciplinary

hearing in May 2010, Methodist suspended Simmons' hospital privileges and, in June 2010, TMB commenced its own administrative actions against Simmons. A month later, Methodist fired Simmons.

Simmons then hired attorney Ray Jackson to sue Methodist and represent him before the TMB. *Id*. This Court granted summary judgment against him in his employment discrimination lawsuit. *Simmons v. Methodist Hospital*, No. 3:11-cv-17-B, 2012 WL 1447970, *1 (N.D. Tex. Apr. 26, 2012) (Boyle, J.) (holding Plaintiff failed to plead a prima facie case of discrimination under Title VII and to respond to Defendant's legitimate, nondiscriminatory reasons for the adverse employment actions against him). Jackson withdrew from representing Simmons before the TMB in October 2012 and Simmons then hired attorney Oscar San Miguel, who represented Simmons before the TMB until June 2013, when the TMB issued its Final Order against Simmons.

On November 1, 2013, the TMB initiated a second proceeding against Simmons for violation of its Final Order. In April 2014, the TMB also began proceedings before the Texas State Office of Administrative Hearings (SOAH) and Simmons represented himself before the TMB and in the SOAH proceedings. The SOAH proceedings, however, were dismissed by the TMB staff on July 21, 2014, after Simmons allowed his medical license to expire.

On August 18, 2014, Simmons filed a *pro se* lawsuit in this Court against Methodist, asserting a Title VII retaliation claim and state law claims for defamation, fraud, negligence and intentional interference with prospective contract, and breach of contract, all arising from the same events underlying the first suit. *See Simmons v. Methodist Hosps. of Dallas*, No. 3:14-CV-2958-B (N.D. Tex.). The Court concluded that the claims were time barred. *See Simmons v.*

*Methodist Hosps. of Dallas*, 106 F. Supp. 3d 799, 801 (N.D. Tex. 2015) (Boyle, J.), *aff'd*, 632 F. App'x 784 (5th Cir. 2015) (per curiam) (affirming statute-of-limitations dismissal and denial of equitably tolling).

On May 15, 2015, Simmons, proceeding *pro se*, filed yet another action against Methodist, also naming as defendants the TMB, Jackson, San Miguel, Simon Whiting, and Barbara Jordan. After permitting Simmons to file four amended complaints, the Court dismissed all claims against Methodist with prejudice and against the TMB without prejudice for lack of jurisdiction. *Simmons v. Jackson*, No. 3:15-CV-1700-D, 2017 WL 3051484, at *9 (N.D. Tex. July 19, 2017) (Fitzwater, J.). While Simmons' claims against the individual defendants remained pending, Simmons filed a new *pro se* lawsuit in the United States District Court for the Western District of Texas against Jordan, members of the TMB's Executive Committee and the Disciplinary Process Review Committee, and General Counsel, asserting fraud and violations of 42 U.S.C. §§1983 and 1985 and the Racketeer Influenced and Corrupt Organizations Act (RICO). *Simmons v. Texas Medical Board, et al.*, No. 1:17-CV-794-SS (W.D. Tex., Austin Div. filed Aug. 16, 2017). After Simmons was granted two opportunities to amend, the case was dismissed on January 30, 2018. Id., at ECF Dkt. # 46 (order dismissing claims as time barred, based on defendants' absolute and qualified immunity, and for failure to state a claim).

This Court subsequently dismissed Simmons' remaining claims against the individual defendants in the Northern District for failure to state a claim. *Simmons v. Jackson*, No. 3:15-CV-1700-S-BT, 2018 WL 4574975, at *1 (N.D. Tex. Sept. 6, 2018), *R. & R. accepted*, 2018 WL 4568802 (N.D. Tex. Sept. 24, 2018) (dismissing RICO and civil conspiracy claims against Jackson for failure to state a claim); *Id.*, 2019 WL 360636, at *1 (N.D. Tex. Jan. 4, 2019), *R. &*

3

*R. accepted*, 2019 WL 358751 (N.D. Tex. Jan. 29, 2019) (same as to San Miguel); *Id.*, 2018 WL 7021485, at *1 (N.D. Tex. Dec. 21, 2018), *R. & R. accepted*, 2019 WL 186654 (N.D. Tex. Jan. 14, 2019) (same as to Jordan).[1]

Undeterred, Simmons filed the instant lawsuit, his fifth civil action in his on-going legal battle with the TMB. In his 97-page *Original Complaint*, Simmons asserts unidentified individuals either employed by or affiliated with the TMB made false statements to the New York State Department of Health to encourage an investigation and deprive him of his New York medical license violating his civil rights. Doc. 1 at 2-3, 5. In addition to claims of state law fraud and defamation, Simmons alleges that the unidentified Defendants: (1) conspired to initiate sham board proceedings against him, in violation of 42 U.S.C. § 1983; (2) discriminated against him, in violation of 42 U.S.C. § 1985; (3) deprived him of "due process and liberty interests based on the false accusations that he committed a crime in his profession," in violation of Section 1983; and (4) "deprive[d] him of his ability to make business contracts across the United States," in violation 42 U.S.C. § 1981. Doc. 1 at 29-93. He seeks monetary relief. Doc. 1 at 94-96.[2]

Simmons claims:

Plaintiff alleges The Methodist Hospital of Dallas; Attorney, Simon D. Whiting; Attorney, Ray Jackson; Attorney, Oscar San Miguel; Attorney, Barbara Jordan; John Doe #1; John Doe #2; John Doe #3 and John Doe #4 of the Texas Medical Board's Investigations Department; John Doe(s) of the Expert Panel; the Texas Medical Board's Disciplinary Process Review Committee and; the Texas Medical Board's Executive Committee agreed to act in concert to initiate a series of sham board proceedings against the plaintiff; charge plaintiff with felonies; deprive

---

[1] Simons recently filed a motion to alter or amend judgment in that case, which is pending.

[2] Along with the *Original Complaint*, Simmons submitted a *Notice of Correction and Supplement to Original Complaint* with his Affidavit and over 70 pages of exhibits. Doc. 5.

4

>plaintiff of business opportunities to contract; injure his professional reputation; deprive him of the ability to live and practice his profession across the country without the unjustified label of infamy; sanction and revoke his medical licenses; deny him due process; deny him the right to give evidence for his legal proceedings; exto1i money from the plaintiff; place a burden on plaintiffs right to have a subpoena issue for his disciplinary hearing; avoid legal duties owed the plaintiff; conceal information about plaintiffs legal proceedings, delay plaintiffs legal proceedings to expend the statute of limitations for his claims and; obstruct plaintiffs legal proceedings. Sherif Zaafran, M.D., President, George Willeford III, M.D., Vice-President Paulette Southard, Secretary/Treasurer Margaret McNeese, M.D. and, Timothy Webb, J.D. are collectively refe1Ted to as The Texas Medical Board's EXECUTIVE COMMITTEE. Margaret McNeese, M.D. Chair; Julie Attebury; Stanley S. Wang, M.D. J.D. George Willeford III, M.D. and; Sherif Z. Zaafran, M.D, are collectively referred to as the Texas Medical Board's DISCIPLINARY PROCESS REVIEW COMMITTEE, ("DPRC"). Plaintiff does not know the names of the individual members of the Texas Medical Board's Investigations Department or Expert Panel. This Court has supplemental jurisdiction pursuant to 28 U.S. Code § 1367, for plaintiff's common law claims pled in the alternative.

Doc. 1 at 2-3 (capitalization in original).

>Simmons further avers:

>The dispute arises out of John Doe#1, John Doe #2, John Doe #3 and John Doe #4 of the Texas Medical Board Investigations Department, John Doe(s) of Texas Medical Board Expert Panel and, the Executive Committee's knowingly false statements against the plaintiff that he failed to comply with the June 2013 Final Order for TMB Legal No. 11-0141; failed to respond to requests for information; displayed conduct likely to deceive/defraud the public or injure the public and; acted in a manner inconsistent with public health and welfare including, failure to meet the standard of care to initiate NYOPMC #C0-13-07-3474-A, against plaintiffs New York medical license and; to initiate TMB Legal No. 14-0096/SOAH DOCKET# 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, against his Texas medical license. Plaintiff does not know the identity of the "John Does" for TMB Legal No. 14-0096, because he: never received formal notice pursuant to Tex. Occ. Tex. Occ. Code § 164.004, never received the formal complaint pursuant to Tex. Occ. Code § Sec. 164.005(d), and; never had an informal settlement conference to receive the Expert Panel Report pursuant to Tex. Occ. Code§ 164.003. Plaintiff filed Civil Action 3:15-CV-1700-S-BT, against The Methodist Hospital of Dallas; Attorney, Simon D. Whiting; Attorney, Ray Jackson; Attorney, Oscar San Miguel; the Texas Medical Board's Executive Committee and Attorney, Barbara Jordan asserting a claim for civil conspiracy seeking redress, in part, for the injuries he suffered stemming from,

5

> NYOPMC #C0-13-07-3474-A, and TMB Legal No. 14-0096/SOAH DOCKET# 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.

Doc. 1 at 5-6.

Further, in an attempt to revive his otherwise time barred claims, Simmons challenges the order granting TMB's motion to quash subpoena on October 2, 2018 in No. 3:15-CV-1700-S-BT. He declares:

> During the lawsuit, The Northern District of Texas Dallas Division issued a Subpoena Duces Tecum upon The Records Custodian/ Assistant Record Custodian for the board on September 13, 2018, wherein plaintiff was granted the right to production of the: 1.)The Formal Complaint 2.) Initiating Affidavit(s); 3.) Investigation Department's Affidavit and; 4.) Expert Panel Report for TMB Legal No. 14-0096. The Executive Committee, via its attorney, Jason Contreras, falsely stated to the plaintiff that the information he sought was privileged and confidential. The Executive Committee decided plaintiff's position on the motion for him and then, proceeded to submit a certificate of good faith conference to the court before plaintiff could discuss the motion. The motion was granted and plaintiff still does not know the nature and substance of the charges for NYOPMC #C0-13-07-3474-A, and TMB Legal No. 14-0096/SOAH DOCKET# 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, or the names of the affiants/declarants. Plaintiff was denied the facts for his causes of action against the John Doe(s) during the pendency of a federal lawsuit filed within the statute of limitations for his claims against them. Therefore, in order to address these new facts, plaintiff relies on the continuing tort and fraudulent concealment doctrines to bring the following claims. Plaintiffs common law fraud claims regarding NYOPMC #C0-13-07-3474-A, against the named party defendants are timely and appropriately brought before this Court pursuant to NY CPLR §302 [a] [l], and NY CPLR §302 [a] [3] (ii).

Doc. 1 at 6-7.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

6

from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most deferential view, the instant *Original Complaint* is duplicative of complaints that Simmons previously filed in this and other courts, specifically Northern District Case Nos. 3:14-CV-2958-B  and 3:15-CV-1700-S-BT, and Western District Case No. 1:17-CV-794-SS.  *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that an *in forma pauperis*  ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff").

The substance of the claims that Simmons raises in the case *sub judice* were previously litigated in the civil actions referenced above and dismissed for failure to state a claim.  Indeed, Simmons' *Original Complaint* recites the same course of underlying events that Simmons asserted in his previous cases, although under the guise of suing individual members of the TMB as John Does.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (finding complaint was duplicative because the plaintiff repeated the same factual allegations that he asserted in his earlier case, despite the new defendants).  Further, while Simmons ostensibly raises new claims pertaining to his New York medical license, such claims are clearly premised on the same TMB's proceedings and final decision that he has unsuccessfully challenged in at least three

7

other cases.  *See* Doc. 1 at 2-3, 5-6; *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (affirming dismissal of *in forma pauperis* case as duplicative under Section 1915(e) because any purported new claim obviously arose from the same decision of the Texas Board of Nurse Examiners that plaintiffs had challenged in multiple cases).  Additional, insofar as Simmons challenges the October 2018 order granting TMB's motion to quash subpoena in Case No. 3:15-CV-1700-S-BT— in an apparent last-ditch effort to revive claims long barred by the statute of limitations—his arguments are simply not cognizable in this new action.

Consequently, the complaint in this case should be dismissed as frivolous and malicious.  *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." (cited case omitted)); *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) ("[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insure[s] that the plaintiff obtains one bite at the litigation apple—but not more.").

### III.    LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  For the reasons outlined herein, Simmons' claims are duplicative of claims raised and rejected in previous cases.  Thus, permitting amendment would be futile and cause needless delay.

## IV. SANCTION WARNING

As noted, this Simmons' fifth civil action since 2010 arising from the same nucleus of operative facts and alleging claims which courts have unequivocally decided against him. Given his filing history and the frivolous and malicious nature of the claims asserted in this case, Simmons should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and malicious, 28 U.S.C. § 1915(e)(2)(B), and Simmons should be

**WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any further action.

**SO RECOMMENDED** on  April 4, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).